# MEMORANDUM

### U.S. Pretrial Services Office – Southern District of Florida

#### Fort Lauderdale Office

**Date:** June 14, 2001

**To:** The Honorable Lurana S. Snow
U.S. Magistrate Judge

**From:** Darwin L. Crenshaw
U.S. Pretrial Services Officer

**Re:** Smith, Howard
Case#: 00-6082-CR-Ferguson

**VIOLATION OF CONDITIONS OF RELEASE - PETITION AND WARRANT**
*************************************************************************

**PRESENT COURT STATUS:**

The defendant was arrested in the Northern District of Georgia, on September 26, 2000, based upon an indictment out of the Southern District of Florida, charging him with Possession With Intent To Distribute Methylenedioxymethamphetamine (MDMA), commonly known as ecstacy. The defendant made his initial appearance before the Honorable E. Clayton Scofield, U.S. Magistrate Judge, who set bond in the amount of $20,000 Corporate Surety Bond with the following special conditions of release:

1. Report to Pretrial Services once a week by telephone and once a month in person
2. Travel restricted to the Southern District of Florida for Court purposes and Northern District of Georgia
3. Maintain and/or seek full time employment
4. Surrender and/or do not obtain a passport or any travel document
5. Maintain current residence
6. No firearms or destructive device
7. No alcohol use
8. Random substance abuse testing and treatment as deemed necessary
9. Electronic Monitoring w/Home Detention
10. Refrain from obstructing or attempting to obstruct or tamper with electronic monitoring equipment or substance abuse tests.

On November 15, 2000, the defendant made his initial appearance in the Southern District of Florida, before Your Honor, who continued the bond as previously set in the Northern District of Georgia.



Page 2.
REF: Smith, Howard
PSO: D. Crenshaw

The defendant is pending trial. On March 21, 2001, the Honorable Wilkie D. Ferguson Jr., U.S. District Judge, deleted the special condition of electronic monitoring based on a motion submitted by defense counsel. On April 2, 2001, Judge Ferguson, reinstated Mr. Smith's bond condition to include electronic monitoring based on a violation submitted by this officer on March 27, 2001, for use of illegal drugs.

### NATURE OF VIOLATION:

1. Mr. Smith has violated the standard condition of release that he not commit any act in violation of State or Federal law, by way of being charged on June 10, 2001 (Case #:01-095456), by the Cobb County Police Department in Marietta, Georgia with 1) Possession of Controlled Substances; 2) Driving with a suspended license; and 3) Headlights on half after sunset. According to the police report and after being read his Miranda rights, the defendant made a statement that the syringes found in his car were used for "speed approximately a week and a half ago." In addition, the defendant confirmed that pills found in his car were "oxycontin". On June 11, 2001, bond was set at $7,500 corporate surety bond but the defendant has not made bail and remains in state custody.

2. Mr. Smith violated the special condition of release of Electronic Monitoring by failing to comply with his schedule by late arrivals to his residence on nine (9) occasions: April 7th, 13th, 14th; May 4th, 6th, 11th, 20th, 26th; and June 9, 2001.

### SUPERVISION ADJUSTMENT:

Since the defendant's release on bond on September 29, 2000, he has been supervised by U.S. Probation Officer Donna E. Andrews in the ND/GA. According to Officer Andrews, the defendant had been in compliance until he first tested positive for methamphetamine on February 7, 2001, and later on February 29, 2001 and admitted to using methamphetamine despite undergoing substance abuse treatment. These violations were reported to the Court via memorandum on March 27, 2001.

As to the current violation, Officer Andrews advised this Officer that Mr. Smith had been arrested on the above-noted charges on June 11, 2001. As to electronic monitoring, the defendant has failed to return to his residence by the required time on nine (9) occasions on the above-noted dates.

A criminal record check was conducted with the National Crime Information Center and the Florida Department of Law Enforcement on June 14, 2001, and no additional criminal activity was discovered.

Page 3.
REF: Smith, Howard
PSO: D. Crenshaw

**RECOMMENDATION:**

Since the defendant's release on bond, he has violated his conditions of release on two (2) occasions. Therefore, it is respectfully recommended that an arrest warrant be issued for the defendant to appear before the Court to show cause why his conditions of release should not be revoked, pursuant to the provisions of Title 18: USC 3148. If Your Honor concurs with this recommendation, a Petition for Action and a Warrant are attached for your signature.

Respectfully submitted,

Darwin L. Crenshaw
U.S. Pretrial Services Officer

Approved By:

Carolyn M. Harris
Assistant Deputy Chief
U.S. Pretrial Services Officer

cc: The Honorable Wilkie D. Ferguson Jr.
    United States District Judge

   Mr. Roger Powell, AUSA
   Fort Lauderdale, Florida

   Mr. Scott W. Sakin
   1411 N.W. North River Drive
   Miami, Florida 33125-2601

United States District Court
for
SOUTHERN FLORIDA

U.S.A. vs. **Howard Smith**                    Docket No. 00:6082-CR-FERGUSON

**Petition for Action on Conditions of Pretrial Release**

**COMES NOW** Darwin L. Crenshaw **PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant** Howard Smith **who was released by the Honorable** Lurana S. Snow **sitting in the court at** Fort Lauderdale, **on the** 15th **day of November,** 2000 **on the following bond:**

1. $20,000 Corporate Surety Bond
2. Report to Pretrial Services once a week by telephone and once a month in person
3. Travel restricted to the Southern District of Florida for Court purposes and Northern District of Georgia
4. Maintain and/or seek full time employment
5. Surrender and/or do not obtain a passport or any travel document
6. Maintain current residence
7. No firearms or destructive device
8. No alcohol use
9. Random substance abuse testing and treatment as deemed necessary
10. Electronic Monitoring w/ Home Detention
11. Refrain from obstructing or attempting to obstruct or tamper with electronic monitoring equipment or substance abuse tests.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT AND FOR CAUSE AS FOLLOWS
(If short insert here; if lengthy write on separate sheet and attach)

1. Mr. Smith has violated the standard condition of release that he not commit any act in violation of State or Federal law, by way of being charged on June 10, 2001 (Case #:01- 095456), by the Cobb County Police Department in Marietta, Georgia with 1) Possession of Controlled Substances; 2) Driving with a suspended license; and 3) Headlights on half after sunset. According to the police report and after being read his Miranda rights, the defendant made a statement that the syringes found in his car were used for "speed approximately a week and a half ago." In addition, the defendant confirmed that pills found in his car were "oxycontin". On June 11, 2001, bond was set at $7,500 corporate surety bond but the defendant has not made bail and remains in state custody.

2. Mr. Smith violated the special condition of release of Electronic Monitoring by failing to comply with his schedule by late arrivals to his residence on nine (9) occasions: April 7th, 13th, 14th; May 4th, 6th, 11th, 20th, 26th; and June 9, 2001.

**PRAYING THAT THE COURT WILL ORDER ISSUANCE OF A WARRANT PURSUANT TO 18: U.S.C. 3148.**

**ORDER OF COURT**

Considered and ordered this 20th
___ Day of June ___, 2001
and ordered filed and made a part of the records in the above case.

*Lurana S. Snow*
Honorable Lurana S. Snow
U.S. Magistrate Judge

Respectfully,

*Darwin L. Crenshaw*
Darwin L. Crenshaw
U.S. Pretrial Services Officer

Place: Fort Lauderdale

Date   June 14, 2001