UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:   00-6082-CR-FERGUSON

UNITED STATES OF AMERICA,

      *Plaintiff,*

vs.

HOWARD SMITH,

      *Defendant.*
_____/



## SMITH'S POSITION WITH RESPECT TO SENTENCING FACTORS

Defendant, **HOWARD SMITH**, by and through undersigned counsel, files his position with respect to sentencing factors as follows:

1.    Paragraph 7 reflects that Defendant had positive urine samples. Counsel is unaware of the Defendant having poor attendance at the Drug Program. Moreover, Defendant has followed monitoring and has been where he is supposed to be while on pretrial release monitoring. The Defendant was unaware that there was a warrant outstanding for a violation of bond as Defendant had been reporting to his pretrial release officer throughout September, October, November and through early December 2001.

2.    Paragraphs 8 through 18 deal with co-defendants involvement in the conspiracy. Defendant has no direct knowledge of most of these activities. Defendant readily admits that he did receive MDMA dosages which were distributed in the Atlanta area.

3.    Paragraph 27 of the Presentence Investigation Report which states Defendant should be responsible for 111000 dosage tablets of MDMA is an error. There were numerous discussions between the government, the case agent and undersigned counsel to determine those loads which



Defendant was responsible. It was determined that Defendant should be responsible after calculating the weight of the dosage and the amount of pills to equal 614 kilograms of marijuana.

4. Defendant objects to paragraph 32 and disagrees with the amounts as stated. The correct amounts should be 614 kilograms of marijuana, which is a level 28.

5. Paragraph 39 should provide for adjustment for acceptance of responsibility of 3 levels. Defendant plead. Defendant admitted at the time of the plea that he has a drug problem. This has never been denied. Defendant has had positive urines which were brought before the Court for violations of pretrial release. Defendant has attended Narcotics Anonymous and other drug rehabilitation programs to assist with his drug problem. The government was aware the Defendant had positive urines before entering the plea on September 10, 2001. After the Defendant was arrested he gave a complete confession to the police of his involvement in this case. The Defendant further confessed to the Court at the time of his plea. Lastly, Defendant confessed to the probation officer and has always accepted responsibility for his actions. The Defendant is not making excuses for his pretrial release violations and has readily admitted to his drug problem. Thus, the Defendant should receive a 3 level decrease for acceptance of responsibility. The Defendant has committed no law violations since September 10, 2001. Moreover, paragraph 61 of the Presentence Investigation Report reflects that when the Defendant was urine tested on the day of his plea, September 10, 2001, that the test was negative for all illicit substances.

6. The Defendant should receive a 2 level decrease pursuant to Section 5C1.2 of the Sentencing Guidelines as the Defendant has given a statement. At the time of the Defendant's arrest, he gave a complete post-arrest statement. Undersigned counsel conferred with Assistant United States Attorney Powell prior to the plea, Mr. Powell indicated the government's position was

that this statement would count towards the necessary requirement for the safety valve. Thus, Defendant should receive a 2 level decrease.

8. Paragraph 77 of the Presentence Investigation Report should be corrected as the Defendant should be a total offense level of 23 with the base offense level of 28, a 3 level reduction for acceptance of responsibility, and a 2 level safety valve reduction.

9. Based on the foregoing, the guideline imprisonment range is 46 to 57 months.

**WHEREFORE**, the Defendant respectfully moves the Court to modify the Presentence Investigation Report as stated above.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to Assistant United States Attorney Roger W. Powell, 500 East Broward Boulevard, Suite 700, Fort Lauderdale, Florida 33394, and to U.S. Probation Officer Donald Jefferson, 299 East Broward Boulevard, Room 409, Fort Lauderdale, Florida 33301, on this 13 day of December, 2001.

Respectfully submitted,

**SCOTT W. SAKIN, P.A.**
Attorney for Defendant Howard Smith
1411 N.W. North River Drive
Miami, Florida 33125
Tel: (305) 545-0007

By: _____
SCOTT W. SAKIN
Florida Bar Nº 349089